**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| PEDRAM SEPEHRI, | |
| Plaintiff, | |
| v. | CASE NO. 1:26-CV-239-HAB-ALT |
| MARKWAYNE MULLIN, et al., | |
| Defendants. | |

## OPINION AND ORDER

On May 20, 2026, Plaintiff Pedram Sepehri, an Iranian national, filed a Complaint in this Court seeking an order compelling immediate adjudication of his long-pending Form I-129 petition. (ECF No. 1). He alleges that Defendants'[1] indefinite delay in adjudicating the petition violates the Administrative Procedures Act ("APA") as well as constitutes ultra vires conduct. Sepehri filed a motion for preliminary injunction on May 20, 2026, requesting an order requiring Defendants to adjudicate the petition on or before May 28, 2026, or within fifteen days of the Court's order. On June 2, 2026, this Court held a hearing on the motion. (ECF No. 12). At the conclusion of the hearing, the Court granted the motion for preliminary injunction, directing Defendants to adjudicate Sepehri's petition within 15 days, or by June 17, 2026. (*Id.*) The Court also stated that a written opinion would follow.

---

[1] Sepehri names the following Defendants: Markwayne Mullin, in his official capacity as Secretary of the U.S. Department of Homeland Security; Joseph B. Edlow, in his official capacity as Director of U.S. Citizenship and Immigration Services; and Todd Blanche, in his official capacity as Acting Attorney General for the U.S. Department of Justice.

I.    BACKGROUND

On December 2, 2025, U.S. Citizenship and Immigration Services ("USCIS") issued Policy Memorandum PM-602-0192, instructing adjudicating officers to place a hold on all pending benefit requests filed by nationals of a list of 19 countries listed in Presidential Proclamation 10949, including Iran.[2] On January 1, 2026, USCIS issued PM-602-0194, expanding the scope of the hold to include nationals of additional countries listed in Presidential Proclamation 10998.[3] Both memoranda provide that the hold will remain in effect until lifted or modified by the Director of USCIS.[4]

Sepehri, who is a citizen of Iran, has been lawfully present in the United States on H-1B nonimmigrant status since August 28, 2020. (ECF No. 2 at 8). He is currently employed as a Product Engineer at Linamar in Auburn, Indiana, where he is responsible for managing production projects, engineering operations, and process development activities requiring advanced engineering knowledge and specialized technical expertise. (*Id.*) Sepehri's prior I-129 petition was approved on June 6, 2022. (*Id.*)

Sepehri's employer submitted an I-129 petition to USCIS on April 18, 2025, requesting an extension of Sepehri's H-1B visa. (Sepehri Decl. ¶¶ 6, 9). On January 14, 2026, USCIS issued a

---

[2] *See* Policy Memorandum PM-602-0192, *Hold and Review of all Pending Asylum Applications and all USCIS Benefit Applications Field by Aliens from High-Risk Countries*, (Dec. 2, 2025), *available at* https://www.uscis.gov/sites/default/files/document/policy-alerts/PM-602-0192-PendingApplicationsHighRiskCountries-20251202.pdf.

[3] *See* Policy Memorandum PM-602-0194, *Hold and Review of USCIS Benefit Applications Filed by Aliens from Additional High-Risk Countries*, (Jan. 1, 2026), *available at* https://www.uscis.gov/sites/default/files/document/policy-alerts/PM-602-0194-PendingApplicationsAdditionalHighRiskCountries-20260101.pdf.

[4] On June 5, 2026, three days after this Court presented its verbal decision on Sepehri's motion at the preliminary injunction hearing, the U.S. District Court for the District of Rhode Island issued its opinion in *Dorcas International Institute of Rhode Island, et al. v. United States Citizenship and Immigration Services, et al.*, 2026 WL 1622708 (D.R.I. June 5, 2026). In that opinion, the court declared unlawful and vacated a number of USCIS policies, including PM-602-0192 and PM-602-0194.

Request for Evidence ("RFE") related to the petition. (*Id.* ¶ 8). Sepehri responded to the RFE on March 16, 2026—USCIS received the response on March 18, 2026. (*Id.*). His current employment authorization is maintained through a 240-day automatic extension, which expired on May 28, 2026. (ECF No. 2 at 6). Defendants confirmed at the hearing on June 2, 2026 that Sepehri's Form I-129 petition remains unadjudicated due to the current memoranda.

## II.     DISCUSSION

Defendants challenge Sepehri's motion both on jurisdictional grounds and on the merits. The Court will first address its jurisdiction to hear this case and then turn to the merits.

### A.  Jurisdiction

Defendants challenge jurisdiction, arguing that this case is exempted from review under the APA because it is "committed to agency discretion by law." (ECF No. 11 at 13). But the Supreme Court has read this exception to judicial review "quite narrowly," *Weyerhaeuser Co. v. U.S. Fish & Wildlife Serv.*, 586 U.S. 9, 23 (2018), applying only "in those rare circumstances where the relevant statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion," *Lincoln v. Vigil*, 508 U.S. 182, 191 (1993) (internal quotation marks omitted). This is not one of those rare circumstances. Congress has provided for employment authorization for noncitizens under the Immigration and Nationality Act ("INA"), *see* 8 U.S.C. § 1324a(h)(3), and USCIS has promulgated regulations pertaining to employment, *see, e.g.* 8 C.F.R. § 274a.13(a). As the United States District Court for the District of Massachusetts has explained in the context of applications for adjustment of status, "[i]n view of the comprehensive statutory and regulatory scheme governing the adjustment of status process, this is not one of those rare circumstances where there is no meaningful standard against which to judge the agency's exercise of discretion." *Doe v. Trump*, 2026 WL 1170971, at *11 (D. Mass. Apr. 30,

2026) (internal quotation marks omitted). This reasoning applies equally to the employment authorization context.

As Sepehri notes in his brief, while agencies have discretion regarding the outcomes of their decisions on immigration petitions, they do not have discretion to avoid making those decisions altogether. (ECF No. 2 at 13). In fact, many other district courts have decided motions on preliminary injunctions based on similar fact patterns—involving the same policies at issue here—and have concluded that the policies are reviewable. *See, e.g. Varniab v. Edlow*, 2026 WL 485490, at *5-11 (N.D. Cal. Feb. 20, 2026); *Bowser v. Noem*, 2026 WL 555624, at *3-6 (D. Mass. Apr. 16, 2026); *Karimi v. Mullin*, 2026 WL 1103448, at *4-6 (W.D. Ark. Apr. 23, 2026); *Pouri v. U.S. Dep't of Homeland Sec.*, 2026 WL 1508425, at *2 (D.D.C. May 30, 2026). As the U.S. District Court for the District of Massachusetts wrote in *Bowser,* for example, "a panoply of courts have found that while it is undisputed that the substance of the Attorney General's discretion is discretionary, he does not have discretion to decide not to adjudicate at all." 2026 WL 555624, at *4 (internal quotation marks omitted). While these cases are not binding on this Court, the Court finds their reasoning persuasive.

In most of these other cases, Defendants argued that either the INA or the APA itself bars jurisdiction. Here, by contrast, Defendants do not mention any particular statutes but rather argue more broadly that there is no judicially manageable way to review agency decisions in the immigration arena, and that, therefore, this Court has no jurisdiction. *See* ECF No. 11 at 11-14. For this argument, Defendants rely on the Supreme Court's decision in *Heckler v. Chaney*, 470 U.S. 821, 830 (1985), in which the Supreme Court held that the United States Department of Agriculture's decision to exercise its discretion not to institute an enforcement action against certain states was not reviewable. *Heckler*'s application to situations of review of agency

immigration policies has been considered and rejected in multiple opinions, including in *CASA de Maryland v. U.S. Department of Homeland Security*, 924 F.3d 684 (4th Cir. 2019), and in *Philadelphia Yearly Meeting of Religious Society of Friends v. U.S. Department of Homeland Security*, 2026 WL 280089 (D. Md. Feb. 3, 2026). The Court agrees with the reasoning in those decisions—a broad or general enforcement policy, such as we have here, is distinguishable from the exercise of enforcement discretion in an individual case and is subject to judicial review.

The Court concludes that it has subject matter jurisdiction. As the court explained when presented with a very similar question in *Varniab*, "[t]his conclusion is consistent with the 'well-settled' and 'strong' presumption in favor of judicial review of administrative action, *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 229 (2020), which courts 'consistently' apply to legislation regarding immigration', *Kucana v. Holder*, 558 U.S. 233, 251 (2010)." 2026 WL 485490, at *10. To the extent Defendants argue that courts may not interfere in any matters related to immigration or foreign policy, the Court disagrees. As the U.S. District Court for the Northern District of Illinois has noted, "[c]ourts often interpret statutes that bear on both issues, and the authority of other branches in these realms does not categorically place their actions beyond judicial review." *Doe v. Noem*, 2026 WL 674343, at *11 (N.D. Ill. Mar. 10, 2026).

## B. PRELIMINARY INJUNCTION FACTORS

The Court finds that Sepehri has satisfied the factors established by the Supreme Court in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008), and that a preliminary injunction is therefore warranted.

### i.    Likelihood of Success on the Merits [5]

This Court joins many others in holding that the challenged policy memoranda are likely arbitrary and capricious.[6] *See, e.g. Varniab*, 2026 WL 485490; *Karimi*, 2026 WL 1103448; *Bowser*, 2026 WL 555624; *Pouri*, 2026 WL 1508425; *Saghafi v. Edlow*, 2026 WL 1127468, at \*8-10 (D. Md. Apr. 24, 2026). The APA requires courts to "hold unlawful and set aside agency action" found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law[.]" 5 U.S.C. 706(2)(A). This standard is deferential. *See FDA v. Wages & White Lion Invs., LLC*, 604 U.S. 542, 567 (2025). However, it requires that the agency "articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n v. State Farm*, 463 U.S. 29, 43 (1983) (internal quotation marks omitted). When changing existing policies, agencies must acknowledge any "serious reliance interests" that the previous policy "engendered" and offer "a reasoned explanation . . . for disregarding facts and circumstances that underlay or were engendered by the prior policy." *Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 222 (2016) (internal quotation marks omitted).

The Court finds that Sepehri is likely to succeed in demonstrating that the policy memoranda fall short of this standard. First, USCIS has failed to explain why national security interests are served by withholding employment authorization from people who have already been

---

[5] As the Court noted above, *see supra* Section I at 2 n.4, in the intervening time between the Court's verbal decision at the preliminary injunction hearing on June 2, 2026 and the issuance of this opinion, the U.S. District Court for the District of Rhode Island declared unlawful and vacated a number of USCIS policies, including those at the heart of this case. *See Dorcas Int'l Inst. of Rhode Island,* 2026 WL 1622708. While that opinion would certainly have bearing on the Court's analysis of Sepehri's likelihood of success on his APA claims, this written opinion is intended only to provide a record as to its June 2, 2026 verbal decision. As such, the Court does not consider *Dorcas* in its analysis here.

[6] Sepehri brings a claim under the Mandamus Act alongside his APA claims. The Court notes that district courts in this Circuit have dismissed claims for mandamus relief where duplicative of relief sought under the APA. *See, e.g., Ebrahimi v. Blinken*, 732 F. Supp. 3d 894, 908 (N.D. Ill. 2024). For the purposes of this preliminary injunction motion, it is sufficient for the Court to find that Sepehri has a likelihood of success on his APA claims.

admitted to the United States. *See Varniab*, 2026 WL 485490, at \*19 (noting that while "PM-0192 focused on restricting the *entry* of aliens . . . reciting the President's authority under INI 212(f) to suspend or restrict the entry of aliens from 19 high-risk countries," "the adjudicatory hold extends far beyond that context because it applies to nearly all pending benefit request from applicants . . . *who have already been admitted to the United States*") (emphasis in original). Second, as the *Bowser* court noted, the memoranda "fail to sufficiently grapple with the serious reliance interests at stake as a result" of USCIS abandoning its former policy of quickly adjudicating work authorization applications, offering only conclusory rationalizations. 2026 WL 555624, at \*8. Finally, the memoranda offer no indication that USCIS considered alternatives to an indefinite adjudicatory hold. *See Saghafi*, 2026 WL 1127468 (noting that "[t]he Policy Memoranda and administrative records . . . provide no indication that USCIS considered alternatives within the ambit of the exiting policy to an indefinite adjudicatory hold") (internal quotation marks omitted).

Defendants provide minimal argument on this point, stating that "the agency explained the facts found and the choices made," but citing only to the policy memoranda's mentions of "the killing of a National Guardsman in Washington, D.C. in November 2025, and a pattern of security lapses since 2021 tied to a foiled plot for a terrorist attack on Election Day 2024." (ECF No. 11 at 9). This is insufficient to assuage the Court's concerns.

The Court also finds that the Sepehri is likely to succeed on his unreasonable delay claim. In arguing that this claim should fail, Defendants provide little more than a conclusory statement that Sepehri cannot show unreasonable delay. *See* ECF No. 11 at 8-9. As the Court stated earlier, USCIS is required to adjudicate all immigration petitions. While there is no mandatory time frame within which USCIS must adjudicate an I-129 petition, the APA requires an agency "to conclude a matter presented to it" "within a reasonable time." 5 U.S.C. § 555(b). When determining whether

a delay constitutes "unreasonable delay" under the APA, Courts use the six "TRAC factors" set forth in *Telecommunications Research and Action Center v. FCC*, 750 F.2d 70, 79-80 (D.C. Cir. 1984) ("*TRAC*"). The TRAC factors are as follows: (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health or welfare is at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed. *TRAC*, 750 F.2d at 79-80.

The first two factors consider "the extent of and reasons for the agency delay." *Bhaidas v. Noem*, 2025 WL 2996362, at *7 (N.D. Ind. Oct. 22, 2025) (internal quotation marks omitted). The first factor is the "most important." *In re Core Commc'ns*, *Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008). Sepehri's I-129 petition has been pending now for more than thirteen months without explanation. Here, we have two benchmarks against which to measure this delay. First, Congress has expressed an expectation that immigration benefits generally be processed within 180 days. *See* 8 U.S.C. § 1571(b). Second, a chart made available by USCIS indicates that the median processing time for Form I-129 petitions filed in 2025 was 3.5 months.[7] Defendants have provided no explanation for the extreme discrepancy between the 3.5-month expectation and the 13-month (and counting)

---

[7] USCIS, *Historical National Median Processing Time (in Months) for All USCIS Offices for Select Forms by Fiscal Year* (accessed June 6, 2026), *available at* https://egov.uscis.gov/processing-times/historic-pt.

reality, other than the adjudicatory hold put in place by the policy memoranda. Therefore, the Court finds that the first two factors counsel toward a likely finding of unreasonable delay.

The third and fifth factors—regarding whether human health and welfare are at stake as well as the nature and extent of the interests prejudiced by the agency's delay—are often considered together. *See Lumina Materials, LLC v. Rubio*, 2026 WL 730178, at \*8 (S.D. Ind. Mar. 13, 2026). The Court finds that these factors also weigh in Sepehri's favor. USCIS's delay in processing Sepehri's I-129 petition threatens his ability to maintain lawful employment and to pursue his professional career. As discussed in more detail below in Section II.B.ii concerning irreparable harm, Sepehri faces substantial harm from the delay. Losing his work authorization would severely negatively affect his life and damage his career, as he would not only lose his job but also would be unable to find alternative employment in this country. *See Varniab*, 2026 WL 485490, at \*13 ("[Plaintiffs] suffer substantial prejudice from the delay in processing their applications that extends beyond mere economic harm from loss of employment; the delay imperils their very ability to pursue their chosen professions in ways that do not apply to all applicants.").

The fourth factor concerns the effect of expediting delayed action on agency considerations of a higher or competing priority. Defendants have offered no argument regarding the TRAC factors, including as to what the effect of expediting this delayed action might be. However, the Defendants have acknowledged that Sepehri's application would have been processed but for the adjudicatory hold. Additionally, the agency has already sent and received responses to an RFE and has been in possession of the petition for over thirteen months. Finally, the Court notes that Sepehri seeks only adjudication of his petition—not a favorable outcome upon adjudication. Therefore, the Court speculates that final adjudication of this petition would not be so burdensome that it would

have a great effect on agency considerations of a higher or competing priority. Therefore, it finds this factor to weigh—if only slightly—in Sepehri's favor.

The sixth factor clarifies that a finding of unreasonable delay does not require evidence of bad faith or improper motive. Because the Court finds that the other factors weigh in favor of finding a likelihood of success on Sepehri's unreasonable delay claim, it need not reach a conclusion about whether the delay in this case is caused by bad faith or improper motive.

The first two TRAC factors heavily favor Sepehri. The third and fifth factors also support his claim, as does the fourth. Therefore, the Court finds that Sepehri is likely to succeed on his claim for unreasonable delay.

### ii.    Irreparable Harm

The Court also finds that Sepehri has satisfied his burden to demonstrate that he faces irreparable harm should the Court decline to grant his motion. Sepehri has provided a declaration in which he explains that his employer cannot lawfully continue to employ him absent valid work authorization, which expired on May 28, 2026. (Sepehri Decl. ¶ 9). Without work authorization, he will not be able to find alternative employment in this country, and will become unable to meet his monthly financial obligations, which include rent, utilities, insurance, and other living expenses, including support for his spouse and his child, who is a U.S. citizen. (*Id.* ¶¶ 11-13). He also explains that the loss of his current position would cause severe damage to his professional career, as he has invested years into building his career in the United States. (*Id.* ¶ 14). He is also unable to make other basic life decisions due to the uncertainty surrounding his employment. (*Id.* ¶ 18).

In their brief, Defendants note that Sepehri clarified at the telephonic status conference held on May 22, 2026 that his job will first put him on unpaid leave for an as of yet undetermined

10

period of time. (ECF No. 11 at 7-8). During the hearing on June 2, 2026, counsel for Sepehri stated that Sepehri had been put on unpaid leave as of May 28, 2026, when his work authorization had expired. She explained that Sepehri did not know at what point his employer would have to terminate his employment, but that it was likely to happen before the adjudicatory holds imposed by the policy memoranda are lifted.

Defendants argue that "[l]oss of employment authorization and financial hardship are not the kind of harm that supports mandatory preliminary injunctive relief." (ECF No. 11 at 6). The Court agrees that financial hardship normally does not constitute irreparable harm in the context of a preliminary injunction analysis. However, this Court adopts the reasoning of the District Court for the District of Columbia in *Miot v. Trump*, 818 F.Supp.3d 126 (D.D.C. 2026) in finding that the harm here extends beyond ordinary economic injury, as Sepehri would not only suffer lost wages but would also lose the legal ability to work at all. His fundamental ability to earn a livelihood, support his family, and remain self-sufficient would be impaired, and his professional development would suffer significantly.

Defendants additionally argue that Sepehri's delay in filing this suit and preliminary injunction motion undercuts his claim of irreparable harm. At the hearing, counsel for Sepehri explained the filing timeline. USCIS sent Sepehri an RFE regarding his petition on January 14, 2026, which Sepehri completed and returned on March 16, 2026. Cognizant that the agency needs some time to process the petition, and considering the language in the RFE he received indicating that the policy memoranda allow "for certain exceptions on a case-by-case basis for individuals whose entry would serve the national interest of the United States," *see* ECF No. 11-1 at 3, Sepehri believed the government might yet adjudicate his petition. The motion for preliminary injunction was filed on May 20, 2026, at which point it seemed fairly clear that the petition was subject to

the adjudicatory hold and would not be adjudicated before his work authorization extension expired. The Court finds these explanations reasonable. The Court finds, in addition, that the significance of the hardships faced by Sepehri outweighs the delay.

### iii.    Balance of Equities/Public Interest

When the Government is a party to an action, the balance of equities and public interest factors are considered together as one. *See Nken v. Holder*, 556 U.S. 418, 435 (2009). Here, the factors favor issuance of an injunction.

As explained above, the potential harm to Sepehri is severe. On the other hand, Defendants argue that the Government's interest in national security is an urgent objective of the highest order. The Court agrees. However, as explained above, Defendants have not explained how withholding employment authorization from people who have already been admitted to the United States serves national security interests. And, as the U.S. Court of Appeals for the D.C. Circuit has explained, there is "no public interest in the perpetuation of unlawful agency action," and "substantial public interest in having governmental agencies abide by the federal laws that govern their existence and operations." *League of Women Voters v. Newby*, 838 F.3d 1, 8 (D.C. Cir. 2016) (internal quotation marks omitted).

Additionally, the relief Sepehri seeks—an adjudication of his I-129 petition within 15 days of the Court's order—is narrow, and Defendants have failed to explain how this narrow relief will cause any significant hardship to the Government.

Thus, the equities favor issuance of injunction.

**III.    CONCLUSION**

For the foregoing reasons, the Court:

(1) Grants Sepehri's Motion for a Preliminary Injunction (ECF No. 2);

(2) Directs Defendants to adjudicate Sepehri's Form I-129 Petition within 15 days of the Court's decision at the hearing on June 2, 2026, or by June 17, 2026;

(3) Directs Defendants to file a declaration confirming compliance by June 17, 2026; and

(4) Finds that no bond shall be required of Sepehri under Federal Rule of Civil Procedure 65(c).

**SO ORDERED** on June 9, 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT